IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL D. WHALEY, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | Civil Action No. 3:22-CV-1638-B-BH |
| | § | |
| ZURICH AMERICAN | § | |
| INSURANCE CO., TEXAS | § | |
| DEPARTMENT OF INSURANCE– | § | |
| DIVISION OF WORKERS' | § | |
| COMPENSATION, and C.B.C.S. | § | |
| | § | |
| *Defendants.* | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's federal law claims should be **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), and any state law worker's compensation claims should be **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

**I. BACKGROUND**

Michael D. Whaley (Plaintiff) sues Zurich American Insurance Co. (Insurer); its administrator, C.B.C.S. (Administrator); and the Texas Department of Insurance–Division of Workers' Compensation (Department) (Defendants), to obtain compensation for an injury he sustained while working for Results Staffing, Inc. (Employer). (docs. 2 at 1-3, 8; 8 at 4, 6; 10 at 1, 3-4.)[2]

---

[1] By *Special Order No. 3-251*, this *pro se in forma pauperis* case has been automatically referred for judicial screening.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Plaintiff alleges that on July 15, 2021, he was injured while working for Employer and transported via ambulance to a local hospital. (doc. 10 at 3.) As a result of the injury, he experienced "severe swelling and 'pain and suffering'" and had to walk with a cane for an unspecified period of time. (*Id.*) After the incident, Employer instructed him to perform only "light duty tasks" while his injuries healed, which he did. (*Id.*) Plaintiff attended all necessary medical appointments, and he eventually "was healed to a natural healthy state." (*Id.*) He then reached out to Insurer, which provides Employer's worker's compensation insurance, seeking "the Compensation Payment of, $100,000 (one hundred thousand dollars) for the 'Settlement of this Bodily Injury claim[.]'" (doc. 2 at 2-3.) In response, Department contacted Plaintiff and requested he submit the necessary documentation to support his claim and complete the claim filing process. (doc. 2 at 4.) Plaintiff alleged that he has not received any worker's compensation benefits. (doc. 10 at 2.)

On July 28, 2022, Plaintiff filed this action against Insurer, seeking $100,000 in damages and a hearing concerning his claims. (docs. 2 at 3; 8 at 6.) The complaint alleges that Defendants' conduct violates the Administrative Procedure Act (APA) and several federal statutes. (docs. 2 at 1-3, 8; 8 at 4; 10 at 3-4.) Plaintiff also challenges Department's decision regarding his worker's compensation claim. (docs. 2 at 8; 10 at 1.)[3]

## II. PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis*, (*see* docs. 3, 6), his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). It provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who

---

[3]Plaintiff added Department and Administrator as defendants in his responses to questionnaires, (*see* doc. 8 at 2), which were sent to him as part of the judicial screening process for *in forma pauperis* cases, (*see* docs. 7-10).

is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. APA CLAIMS

Plaintiff alleges that his claims are governed by the "standard established by § 7(c) of the [APA] (5 U.S.C.S. § 556(d))". (doc. 2 at 1.)

The APA governs the methods by which executive agencies may accomplish their regulatory goals. 5 U.S.C. § 551 *et seq.* Section 556 outlines the procedural rules to be applied in hearings conducted by federal agencies. *Id.* § 556. It applies, by its own terms, "to hearings required by section 553 or 554 of [Title 5]." *Id.* § 556(a). Section 553 sets out the process for agency rule making, *id.* § 553, while § 554 outlines the adjudicatory function of government agencies, *id.* § 554. The APA defines an agency as "each authority of the *Government of the United States*, whether or not it is within or subject to review by another agency[.]" *Id.* § 551(1) (emphasis added). "By its own terms, the APA does not apply to state agencies. This result is confirmed by case law." *Sw. Williamson Cnty. Cmty. Ass'n, Inc. v. Slater*, 173 F.3d 1033, 1035 (6th Cir. 1999) (citing *Resident Council of Allen Parkway Vill. v. HUD*, 980 F.2d 1043, 1055 (5th Cir. 1993)).

Here, Plaintiff sues two private entities and a Texas government agency. (docs. 2 at 8, 8 at 2.) The APA therefore does not apply to this action, and his federal APA claims should be dismissed

3

for failure to state a claim upon which relief can be granted.

### IV. FEDERAL STATUTORY CLAIMS

Plaintiff also asserts several causes of action arising under the Federal Employees' Compensation Act (FECA), Federal Employment Liability Act (FELA), and Longshore and Harbor Workers' Compensation Act (LHWCA). (doc. 10 at 4.) He cites to 18 U.S.C. §§ 43 and 1365 in support of his request for compensation for his "substantial bodily injury." (*See* doc. 2 at 1.) Because none of these federal statutes applies to Plaintiff, these claims should also be dismissed.

"FECA provides compensation for a *federal employee's* personal injuries 'sustained while in the performance of his duty.'" *White v. United States*, 143 F.3d 232, 234 (5th Cir. 1998) (emphasis added) (citing 5 U.S.C. § 8116(c)). Here, Plaintiff alleges that he was employed by a private staffing agency, not the federal government, when his injury occurred. (doc. 10 at 3.)

To recover under FELA, a plaintiff must show, among other things, "that defendants are common carriers by railroad engaged in interstate commerce [and] that the injured was employed by the defendant with duties furthering such commerce." *Fowler v. Seaboard Coastline R. Co.*, 638 F.2d 17, 19 (5th Cir. Unit B Feb. 1981). There is no suggestion in Plaintiff's complaint or questionnaire responses[4] that he was employed by a railroad or that his duties furthered that railroad's engagement in interstate commerce.

A successful LHWCA claim must satisfy the two-pronged test set forth in that statute. *Herb's Welding, Inc. v. Gray*, 470 U.S. 414, 415-16 (1985). Specifically, the plaintiff must show that the injury occurred at a covered location and that the plaintiff was engaged in maritime employment when the injury occurred. *Id.* There is again no suggestion that Plaintiff was a maritime employee

---

[4]Plaintiff's responses to a magistrate judge's questionnaire are considered an amendment to his pleadings. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

or that the injury he complains of occurred at a covered location.

Finally, Plaintiff cites to 18 U.S.C. §§ 43 and 1365, alleging that Defendants violated these provisions by declining to compensate Plaintiff for his "substantial bodily injury." (doc. 2 at 1.) Section 43 defines substantial bodily injury in the context of force, violence, and threats involving animal enterprises. 18 U.S.C. § 43(d)(5). Section 1365 defines the term in the context of tampering with consumer products. *Id.* § 1365(h)(4). In addition to the fact that Plaintiff has not alleged any facts showing that this action involves animal enterprises or consumer products, these statutes are found in the criminal code, and "[t]he law is settled that there is no private right of action for violation of criminal statutes." *Calhoun v. Att'y Gen. of Tex.*, No. 4:20-CV-0016-P-BP, 2020 WL 6120475, at *4 (N.D. Tex. Sept. 30, 2020), *recommendation adopted*, 2020 WL 6082901 (N.D. Tex. Oct. 15, 2020).

Plaintiff fails to state a claim on any of his non-APA federal statutory claims, and they should be dismissed.

## V. WORKER'S COMPENSATION CLAIMS

Plaintiff also challenges the denial of worker's compensation coverage for his on-the-job injury. (doc. 10 at 1-3.)

"Although it is unusual to find a worker's compensation case filed in Federal Court because it is a state statutory action, the court does have subject matter jurisdiction so long as complete diversity and the requisite amount in controversy are established." *Rubell v. Gen. Dynamics Corp.*, No. 7:10-CV-0176-O, 2011 WL 477175, at *1 (N.D. Tex. Jan. 20, 2011) (citing *Horton v. Liberty Mut.*, 367 U.S. 348 (1961)). However, "[u]nder Texas' statutory scheme for resolving workers' compensation claims, a party may not seek judicial review until all administrative remedies have

5

been exhausted and [Department's] appeals panel has issued a final decision." *Hedrick ex rel. Adams v. Tex. Workers Comp. Comm'n*, 54 F. App'x 592 (per curiam) (first citing Tex. Lab. Code § 410.251 (Vernon 1996); and then citing *Dial v. Hartford Accident & Indem. Co.*, 863 F.2d 15, 16 (5th Cir. 1989)). Where a plaintiff has failed to exhaust the administrative remedies available to him, it is proper for the district court to dismiss for lack of subject-matter jurisdiction. *Id.*

Here, diversity of citizenship is lacking because Department and Plaintiff are both citizens of Texas. (*Id.* at 2.) Moreover, Plaintiff has not alleged that he exhausted the administrative remedies available to him; the documents attached to the complaint suggest that Plaintiff declined to complete Department's claim filing process. (doc. 2 at 4.) Plaintiff's worker's compensation claims should be dismissed for lack of jurisdiction.

## VI.  OPPORTUNITY TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Leave to amend is not necessary, however, where the plaintiff has already pled his best case. *See Wiggins v. La. State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (citations omitted). A verified questionnaire response allows a plaintiff to plead his or her best case and is a valid way for a *pro se* litigant to amend his complaint. *See Nixon v. Abbott*, 589

6

F. App'x 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a pro se litigant to develop the factual basis for his complaint.").

Here, Plaintiff has responded to two questionnaires and has had an opportunity to plead his best case. Further leave to amend is not warranted.

### VII. RECOMMENDATION

Plaintiff's federal law claims should be **DISMISSED** with prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), and his challenge to the decision regarding his worker's compensation claim should be **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

**SO RECOMMENDED** on this 13th day of October, 2023.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE